AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>BYRON LEE JONES, | **JUDGMENT IN A CRIMINAL CASE**<br>CASE NUMBER:   3:07-CR-032-BES (VPC)<br>USM NUMBER:   41229-048 |

FILED ✓
ENTERED ____
RECEIVED ____
SERVED ON ____
COUNSEL/PARTIES OF RECORD

JAN - 8 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**THE DEFENDANT:**

Cynthia Hahn
DEFENDANT'S ATTORNEY

(XX)   pled guilty to count(s)  One of the Superseding Misdemeanor Information filed 10/24/2007
(  )   pled nolo contendere to count(s) _____ which was accepted by the court.
(  )   was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| **Title & Section** | **Nature of Offense** | **Date Offense Ended** | **Count** |
|---|---|---|---|
| 21:844 | Possession of Methamphetamine | 01/26/2007 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

(  )   The defendant has been found not guilty on count(s) _____
(XX)   Count(s)  One of the Indictment filed 05/02/2007  (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 8, 2008
Date of Imposition of Judgment

_Signature_
Signature of Judge

BRIAN E. SANDOVAL, U.S. DISTRICT JUDGE
Name and Title of Judge

1-8-08
Date

AO 245B   (Rev 06/05) Judgment in a Criminal Case
    Sheet 4 - Probation

DEFENDANT:    BYRON LEE JONES                                                                                    Judgment - Page  2
CASE NUMBER:  3:07-CR-032-BES (VPC)

## PROBATION

The defendant is hereby sentenced to probation for a term of __**THREE (3) YEARS**__

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. Revocation of supervision is mandatory for possession of illegal controlled substances. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( )   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
( )   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
( )   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
( )   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
( )   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
   Sheet 3 - Supervised Release

DEFENDANT:   BYRON LEE JONES                                                                                  Judgment - Page 3
CASE NUMBER:   3:07-CR-032-BES (VPC)

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Warrantless Search</u> - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

2. <u>Substance Abuse Treatment</u> - The defendant shall participate in and complete a substance abuse treatment program, which may include drug/alcohol testing, out-patient counseling, or residential placement, as approved and directed by the probation officer. The defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay.

3. <u>Alcohol Abstinence</u> - The defendant shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants.

4. <u>Additional Education</u> - The defendant shall complete and/or obtain his GED within the three (3) year period of probation.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
   Sheet 5 - Criminal Monetary Penalties

DEFENDANT:   BYRON LEE JONES                                                                Judgment - Page __4__
CASE NUMBER:  3:07-CR-032-BES (VPC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $25.00 Due and payable immediately. | $500.00 | $ N/A |

(  )   On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

(  )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

(  )   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS | $_____ | $_____ | |

Restitution amount ordered pursuant to plea agreement:  $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   the interest requirement is waived for the:   (  ) fine   (  ) restitution.
   the interest requirement for the:   (  ) fine   (  ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
  Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: BYRON LEE JONES | Judgment - Page 5 |
| CASE NUMBER: 3:07-CR-032-BES (VPC) | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A (XX) Lump sum payment of $ 525.00  due immediately, balance due
    ( ) not later than _____; or
    ( ) in accordance with ( ) C, ( ) D, or ( ) E below; or

B ( ) Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below; or

C ( ) Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____
    _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ( ) Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____
    ____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term is supervision; or

E   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ( ) Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

( ) Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


( ) The defendant shall pay the cost of prosecution.

( ) The defendant shall pay the following court cost(s):

( ) The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev 12/03) - Judgment in a Criminal Case
Sheet 7 - Denial of Federal Benefits

| | |
|---|---|
| DEFENDANT:   BYRON LEE JONES | Judgment - Page 6 |
| CASE NUMBER: 3:07-CR-032-BES (VPC) | |

## DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

### FOR DRUG TRAFFICKER PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

( )   ineligible for all federal benefits for a period of _____
( )   ineligible for the following federal benefits for a period of _____ (specify benefit(s))
_____
_____

**OR**

( )   Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

### FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

(XX)   be ineligible for all federal benefits for a period of __ONE (1) YEAR_____
( )    be ineligible for the following federal benefits for a period of _____
       (specify benefit(s)) _____
_____

( )    successfully complete a drug testing and treatment program.

( )    perform community service, as specified in the probation and supervised release portion of this judgment.

( )    Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC   20531.**